IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01454–KMT

PAMELA WRIGHT,

      Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

      Defendant.

---

# ORDER

---

      This case comes before the court on review of the Commissioner of Social Security Administration Carolyn W. Colvin's[1] denial of Plaintiff Pamela Wright's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33 ("the Act").  Jurisdiction is proper under 42 U.S.C. § 405(g).

## FACTS

      In November 2009, Plaintiff filed an application for DIB under Title II of the Act. (Administrative Record ["AR"], Doc. No. 11, at 123-25.)  Plaintiff claimed she became impaired in May 2008 due to anxiety disorder and neck pain.  (*Id.* at 169.)  After the state agency denied

---

[1] Plaintiff's Complaint names Michael J. Astrue, Commissioner of Social Security, as the defendant.  On February 14, 2013, however, Ms. Colvin became the Acting Commissioner of the Social Security Administration.  Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is automatically substituted as the defendant in this action.  *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

her claim (*id.* at 68-82), Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 86-89). A hearing was held on January 11, 2011, at which Plaintiff and an impartial vocational expert ("VE") testified. (*Id.* at 38-67.)

On March 23, 2011, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process. [2] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2008, the alleged onset date. (*Id.* at 26.) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: somatoform disorder, dysthymic disorder, and post-traumatic stress disorder. (*Id.*) At step three, the ALJ found that Plaintiff's impairment, while severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations.

The ALJ then found that Plaintiff has the following residual functional capacity ("RFC"):

> [L]ight work as defined in 20 CFR 404.1567(b) while sitting and standing/walking for up to six hours each in a regular eight hour work day; lifting and carrying up to ten pounds frequently and up to ten pounds occasionally; pushing and pulling with the upper and lower extremities within the aforementioned weight restrictions; restricted to a relative clean working environment, with low levels of pollutants; no more than frequently balancing, stooping, crouching, kneeling, crawling, or climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; only occasionally reaching overhead with her bilateral upper extremities; avoiding concentrated exposure to noise; and while performing work which is simple and unskilled with a SVP [Specific Vocational Preparation] of 1 or 2.

---

[2] The five-step process requires that the ALJ consider whether a claimant (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988). The claimant has the burden of proof on steps one through four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).

(*Id.* at 28.)

At step four, the ALJ found that Plaintiff could not perform any of her past relevant work.  (*Id.* at 32.)  At step five, however, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that Plaintiff could perform.  (*Id.* at 32.)  Specifically, based on the VE's testimony, the ALJ found that Plaintiff could perform the requirements of representative occupations such as a retail salesperson, assembler, or housekeeper/cleaner.  (*Id.* at 32-33.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to DIB.  (*Id.* at 33.)

In April 2012, the Appeals Council denied Plaintiff's request to review the ALJ's determination.  (*Id.* at 4-9.)  Plaintiff then filed this action seeking review of the Commissioner's Action on September 16, 2013.  (Compl., Doc. No. 1.)

Prior to filing an answer, the Commissioner moved to remand this case to the Agency pursuant to sentence six of 42 U.S.C. § 405(g) because evidence submitted with the request for review, which the Appeals Council considered, was from an individual other than Plaintiff.  (Doc. No. 13, filed Sept. 12, 2012.)  Senior District Judge John L. Kane granted the Motion to Remand on September 13, 2012.  (Minute Order, Doc. No. 12.)

On remand, the Appeals Council removed the evidence from the other individual, offered Plaintiff an opportunity to submit new evidence.  (*Id.* at 1-3.)  After Plaintiff failed to respond to the opportunity to submit new evidence, the Appeals Council denied Plaintiff's request for review.  (*Id.*)  Upon the Commissioner's motion, this case was reopened on March 4, 2014. (Doc. Nos. 15 & 18.)

Plaintiff filed her Opening Brief on April 29, 2014.  (Doc. No. 21.)  The Commissioner's Response Brief was filed on May 19, 2014 (Doc. No. 22) and Plaintiff's Reply Brief was filed on June 1, 2014 (Doc. No. 23).  The case was reassigned to this court on June 3, 2014 and the parties' consented to the exercise of jurisdiction by a United States Magistrate Judge on June 17, 2014 (Doc. No. 17.)  Accordingly, this matter is ripe for the court's review and adjudication.

## STANDARD OF REVIEW

This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing a final decision by the Commissioner, the role of the district court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standard." *Ricketts v. Apfel,* 16 F. Supp. 2d 1280, 1287 (D. Colo. 1998).  The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir.2004).

Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence requires "more than a scintilla, but less than a preponderance" of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not

'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013)

(quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)).

## ANALYSIS

### A.    *Whether the ALJ Properly Determined Plaintiff's RFC*

Plaintiff argues the ALJ's RFC findings were flawed because the ALJ did not give

any consideration or weight to a September 2010 Department of Veteran Affairs' (VA)

Rating Decision (the "VA Rating") that determined Plaintiff was 90 percent disabled, with

70 percent of that rating due to Post-Traumatic Stress Disorder (PTSD) and cognitive

disorder. The court agrees.

An RFC assessment is made by the ALJ "based on all the relevant evidence in [the

claimant's case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most

a claimant can do despite his or her limitations. *Id.* An ALJ must make specific RFC

findings based on all the relevant evidence in the case record. *See Winfrey v. Chater,* 92 F.3d

1017, 1023 (10th Cir. 1996); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

> The RFC assessment must include a narrative discussion describing how the evidence
> supports each conclusion, citing specific medical facts (e.g., laboratory findings) and
> nonmedical evidence (e.g. daily activities, observations). In assessing RFC, the
> adjudicator must discuss the individual's ability to perform sustained work activities
> in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5
> days a week, or an equivalent work schedule), and describe the maximum amount of
> each work-related activity the individual can perform based on the evidence available
> in the case record. The adjudicator must also explain how any material
> inconsistencies or ambiguities in the evidence in the case record were considered and
> resolved.

SSR 96–8p.

In order to make an appropriate RFC assessment, the ALJ also has a basic duty of inquiry

to "fully and fairly develop the record as to material issues." *Baca v. Dep't of Health & Human*

*Servs,* 5 F.3d 476, 479-80 (10th Cir. 1993).  As is relevant here, *Baca* holds that an ALJ has an

obligation to consider disability findings of other federal and state agencies.  *Id.* at 480.  More

specifically, "[a]lthough findings by other agencies are not binding on the Secretary, they are

entitled to weight and *must* be considered."  *Id.* (emphasis added)*; see also Grogan v. Barnhart,*

399 F.3d 1257, 1263 (10th Cir. 2005) ("Although another agency's determination of disability is

not binding on the Social Security Administration, it is evidence that the ALJ must consider and

explain why he did not find it persuasive.") (citation omitted).

     The VA Rating gave Plaintiff an overall disability rating of 90 percent, based on the

combined effects of PTSD and cognitive disorder, NOS;[3] a major right should strain; scoliosis,

thoracolumbar spine with facet syndrome; degenerative disc disease, cervical spine; and left

ankle synovitis status post-surgical correction with residual pain.  (AR at 698.)  Approximately

70 percent of this overall disability rating was due to a VA examination diagnosis of PTSD and

cognitive disorder.  (*Id.* at 679.)  Moreover, the VA Rating concluded that, because of Plaintiff's

PTSD and cognitive disorder, her thought processes and communication are "somewhat

impaired," and her social functioning is "impaired."  (*Id.*)  Further, the VA rating specifically

found that Plaintiff's "employment is impaired" because of her "difficulty with concentration

and memory as well as anxiety."  (*Id.*)

     The Commissioner correctly notes that the ALJ did not altogether disregard the VA

Rating—the ALJ did discuss the VA Rating with respect to Plaintiff's alleged physical

limitations.  (*Id.* at 30.)  However, the ALJ's decision does not include any discussion of the fact

that 70 percent of the VA's 90 percent overall disability rating was due to Plaintiff's PTSD and

[3] NOS appears to means "Not Otherwise Specified."

cognitive disorder.[4]  In fact, despite finding that PTSD was one of Plaintiff's severe impairments (AR 26-27), the ALJ's RFC analysis does not discuss Plaintiff's PTSD whatsoever, much less the limitations, if any, that Plaintiff's PTSD poses to her RFC.

Further, although not expressly argued by the Commissioner, the court finds that the ALJ's failure to consider the VA Rating's findings regarding Plaintiff's psychological impairments was not harmless.  First, the case law is clear that the ALJ's duty to consider findings by another agency is mandatory, not discretionary.  *Baca,* 5 F.3d at 480 ("[a]lthough findings by other agencies are not binding on the Secretary, they are entitled to *weight* and *must* be considered.") (emphasis added).  Thus, the failure to address the VA's findings regarding Plaintiff's psychological impairments constitutes error and warrants remand.  *Becker v. Astrue,* No. 12-cv-0786-WJM, 2013 WL 1413350, at *4 (D. Colo. Apr. 8, 2013).

Moreover, the court finds that the ALJ's failure to consider and give weight to the VA Rating's findings regarding Plaintiff's psychological impairments implicates her decision to give "little weight" to similar findings from the civilian neuropsychologist, Dr. Neufeld.  More specifically, Dr. Neufeld "opined that, due to the effects of her cognitive dysfunction and anxiety, the claimant would be able to understand instructions, but would have moderate to marked impairment in her ability to remember instructions, and . . . would have moderate impairment in her ability to interact socially and to maintain persistence and pace."  (AR at 31 (citing *id.* at 240-43).)  The ALJ found "little support in evidence as a whole" to support Dr.

---

[4] The Commissioner maintains that the ALJ contrasted the VA Rating with a consultative examiner's findings that Plaintiff had normal memory and concentration.  The court is not convinced.  The ALJ relied on the consulting psychologist's opinion only to conclude that there was "little evidence of psychological dysfunction to the extent *alleged by the claimant.*"  (AR at 30.)

Neufeld's opinion because (1) Plaintiff's treating sources found insufficient support for a diagnosis of cognitive disorder, (2) there was evidence that Plaintiff was over-reporting her symptoms, and (3) Dr. Neufeld's opinion was inconsistent with Plaintiff's routine reports of an ability to engage in a variety of activities of daily living, social interaction, and successful school attendance and performance.  (*Id.*)

Here, contrary to the ALJ's conclusion that there was "little support in evidence as a whole" to support Dr. Neufeld's opinion, the VA Rating contains substantially similar findings. Indeed, had the ALJ considered the VA Rating as required, she would have been forced to acknowledge not only that the VA's findings regarding Plaintiff's psychological impairments largely corroborate those of Dr. Neufeld, but also that those findings led the VA to conclude that Plaintiff is 90 percent disabled overall, with 70 percent of that rating specifically due to PTSD and cognitive disorder.  *See Fowler v. Califano,* 596 F.2d 600, 603 (3d Cir. 1979) *cited with approval in Baca,* 5 F.3d at 480 ("the evaluation of disability by the Veterans Administration [is] critically relevant and material in a parallel Social Security case.").  Because the findings of other agencies are entitled to at least some weight,[5] the court finds that the ALJ's failure to consider the VA Rating was not harmless.

---

[5] The circuits differ over how much weight is due to other agency findings.  *See, e.g.*, *McCormick v. Shalala,* 872 F. Supp. 392, 398 n.3 (E.D. Mich. 1994) (citing *Havas v. Bowen,* 804 F.2d 783, 786 n.1 (2d Cir.1986) (some weight); *Kane v. Heckler,* 776 F.2d 1130, 1135 (3rd Cir. 1985) (substantial weight); *Rodriguez v. Schweiker,* 640 F.2d 682, 686 (5th Cir.1981) (great weight); *Falcon v. Heckler,* 732 F.2d 827, 831 (11th Cir.1984) (great weight).  It is not clear from *Baca* and other related Tenth Circuit cases how much weight an ALJ must give to disability findings from other agencies.  *Baca,* 5 F.3d at 480; *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005); *Grogan,* 399 F.3d at 1263-64.

**B.     *Whether the ALJ's Hypothetical Questions to the VE Precisely Reflect Plaintiff's Limitations***

Plaintiff also argues that the ALJ's failure to consider the VA Rating infected her analysis at step five.  The court must agree.

As discussed above, the VA Rating found that Plaintiff's PTSD and cognitive disorder NOS impaired her thought process, communication, social functioning, concentration and memory.  (AR at 679.)  The court forms no view as to whether this evidence trumps other evidence in the record, or how much weight it should be afforded.  That is the province of the ALJ.  However, because "the ALJ failed to consider this evidence—nor did she discount [it] against other evidence in the record—it is difficult to see how this would not have infected the hypothetical questions posed to the vocational expert."  *Becker,* 2013 WL 1413350, at *5.  *See also Winfrey,* 92 F.3d at 1024 n.5 (limitations omitted from the RFC finding and also omitted from the hypothetical questions propounded to the vocational expert at step five may result in a defective determination as to Plaintiff's abilities to do work in the existing economy).

Accordingly, the court finds that the ALJ has also erred with respect to step five because she failed to consider relevant evidence in the RFC that could have been relevant to the vocational expert if the ALJ ultimately finds the VA Rating credible when weighed against other evidence in the record.  *See Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir.1991) ("Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")

**C.** **_Remaining Arguments and Conclusion_**

Because the court finds that the ALJ's failure to consider the VA Rating's findings regarding Plaintiff's psychological impairments constituted reversible error, it need not address the other arguments raised by Plaintiff.  This is particularly true because the court finds that the ALJ's error was not harmless.  _See Madrid v. Barnhart,_ 477 F.3d 788, 782 (10th Cir. 2006) (declining to address other arguments raised on appeal when the ALJ's error affected the analysis as a whole).  The court stresses, however, that it expresses no opinion as to Plaintiff's remaining arguments and neither party should interpret the court's silence as either tactic approval or disapproval of how the evidence was considered.

Altogether, the court finds that remand is appropriate to allow the ALJ to address the VA Rating's findings regarding Plaintiff's psychological impairments, including the 70 percent disability rating due to PTSD and cognitive disorder NOS, and to determine what effect, if any, those findings have on Plaintiff's application for social security disability benefits.

Therefore, for the foregoing reasons, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for further proceedings consistent with this Order.  The Clerk shall enter Judgment in accordance herewith.  Any request for costs or attorneys' fees shall be made within 14 days of the date of this Order.

Dated this 20th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge