IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01454–KMT

PAMELA WRIGHT,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

# ORDER

The matter before the court is Plaintiff's "Opposed Motion for Attorney Fees Under EAJA." (Doc. No. 30 [Mot.], filed Apr. 3, 2015.) Defendant, the Acting Commissioner of Social Security ("Commissioner"), filed her response on April 24, 2015 (Doc. No. 31 [Resp.]), and Plaintiff filed her reply on May 5, 2015 (Doc. No. 32 [Reply].)

Plaintiff seeks Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Mot. at 1–3.) Plaintiff argues that the disability decision of the Administrative Law Judge ("ALJ") and the Commissioner's subsequent defense of that decision before this court were not "substantially justified," and that, as a result, Plaintiff is entitled to recovery of her attorney fees amounting to $9,520.00. (*Id.* at 1–3, 4.) The Commissioner counters that the Commissioner's position, both at the administrative and judicial levels, was substantially justified, therefore negating an award of attorney fees. The Commissioner argues that, alternatively, the plaintiff's alleged attorney fees are excessive. (Resp. at 1–2.)

## LEGAL STANDARD

The EAJA awards attorney fees to a prevailing party in a Social Security Disability case when the position of the United States, in this case the Commissioner, is not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" when the government's position was "*reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (emphasis in original). The test is simply "one of reasonableness" in law and fact. *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 563–65 (1988)). Though, generally, EAJA fees should be awarded when the government's underlying action was unreasonable, it is possible for the government's reasonable position during litigation to "cure" an unreasonable government action. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (citations and quotations omitted). The burden to establish that the government's position was substantially justified is on the government. *Id.* at 1169 (citation and quotations omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

During litigation over the ALJ's decision, Plaintiff alleged that the ALJ failed to consider the psychological findings of the Veterans Administration ("VA") when constructing Plaintiff's Residual Functional Capacity ("RFC.") (Doc. No. 21 [Opening Br.] at 20–21, filed Apr. 29, 2014.) The Commissioner defended the ALJ's actions by arguing that the ALJ did consider the VA's findings, citing as evidence: 1) the ALJ's recognition that the VA awarded benefits to the plaintiff, and 2) the ALJ's comparison of the VA's findings with the consultative examiner's psychological findings. (Doc. No. 22 [Resp. Br.] at 14–15, filed May 19, 2014.) This court found that the ALJ failed to consider and give weight to the VA's psychological findings, which

included a diagnosis of Post Traumatic-Stress Disorder ("PTSD").  (Doc. No. 28 [Order] at 6–7, filed Mar. 20, 2015.)  The court found that the ALJ did not "discuss Plaintiff's PTSD whatsoever, much less the limitations, if any, that the plaintiff's PTSD poses to her [Residual Functional Capacity]" and remanded for further procedure.  (*Id.* at 7.)

## ANALYSIS

Plaintiff argues that neither the ALJ's failure to consider and incorporate into the RFC the VA's psychological findings, including a PTSD diagnosis, nor the Commissioner's subsequent defense of the ALJ's failure was substantially justified.  (Mot. at 3–4.)  For the most part, Plaintiff relies on the court's reasoning to explain why the Commissioner's positions during administrative review and litigation were unreasonable.  (*See id.*)  Plaintiff offers only one additional argument: that it was unreasonable for the Commissioner to take the position that "the ALJ reasonably declined to include any additional limitations [in the RFC]."  (*Id.* at 4.)

There is no dispute that Plaintiff is the prevailing party, and neither party argues that there are any special circumstances counseling against the imposition of attorney fees.  (*See generally id.*; Resp.)  The only questions for the court are: 1) whether the Commissioner's position was reasonable, and 2) if the Commissioner's position was not reasonable, whether Plaintiff is entitled to attorney fees amounting to $9,520.00.  The first question, whether the Commissioner's position is reasonable, is really two separate inquiries: a) whether the ALJ's actions were reasonable, and b) whether the Commissioner's defense of the ALJ's actions was reasonable.

### Whether the Government's Position Was Reasonable

#### a. The Reasonableness of the ALJ's Actions

The court first addresses the reasonableness of the Commissioner's actions that were the subject of the litigation—the ALJ's failure to consider and incorporate into the RFC the VA's psychological findings, including a PTSD diagnosis. As the court stated in its Order, the ALJ's RFC analysis did not discuss Plaintiff's PTSD whatsoever, despite finding that PTSD was one of the plaintiff's severe impairments. (Order at 7.) Nor did the ALJ explicitly discuss or address the plaintiff's impairments or limitations resulting from that PTSD, if any, including impairments to or limitations of her thought process, communication, and social functioning. (*See id.*) Nevertheless, the ALJ did: 1) list the claimant's PTSD as a severe impairment at step two of the disability review; 2) consider, at least in part, the VA's findings; and 3) contrast the VA's findings with the findings of the consultative examining psychologist, whose findings conflicted with the VA's findings. (*See* Doc. No. 17 [AR] at 26, 30.) These considerations lead the court to find that the ALJ's omission of a discussion of these impairments during the RFC analysis was reasonable, even if wrong.

#### b. The Reasonableness of the Government's Defense of the ALJ's Actions

Next, the court addresses the reasonableness of the Commissioner's defense of the ALJ's actions. In its response brief at the litigation stage, the Commissioner argued that, contrary to the plaintiff's arguments, the ALJ did consider the VA's psychological findings. First, the Commissioner correctly noted that the ALJ acknowledged the VA's award of benefits to the plaintiff. (Resp. Br. at 14 [citing AR at 30].) The Commissioner then highlighted the ALJ's comparison of the VA's findings with the findings of a consultative examining psychologist,

who appeared to come to different conclusions than did the VA about the claimant's psychological impairments. (*Id.*) These facts provide sufficient grounds for the Commissioner to argue that the ALJ did consider and discount the VA's psychological findings, even if that argument was ultimately rejected by this court. The Commissioner also properly cited the law requiring the ALJ to consider another agency's determination of disability and to explain why the ALJ did not find that determination persuasive. (*See id.* at 14 [citing SSR 06-03p, 2006 WL 2329939, at *7 and *Grogan v. Barnhart* 399, F.3d 1257, 1262–63 (10th Cir. 2005)].) The court therefore finds reasonable the Commissioner's defense of the ALJ's decision on this issue.

For the same reasons, the court also finds reasonable the Commissioner's defense of the ALJ's failure to include in the RFC any limitations arising out of VA's psychological findings, including the PTSD diagnosis. Although Plaintiff is correct that the Commissioner must consider all impairments when assessing a claimant's RFC, the RFC expresses limitations, not impairments. *See* 20 C.F.R. § 416.945 ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting."); SSR 96-8p, 1996 WL 374184 at *1, 3 (explaining that a claimant's RFC is an assessment of the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments) (emphasis added). Further, the Commissioner is correct that the limitations included in an RFC are ultimately up to the factfinder, which, in the case of a social security disability decision, is the ALJ. *See* SSR 96-5p, 1996 WL 374183, *4 ("[A]n RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s)."). Because the Commissioner reasonably believed the ALJ had considered

5

and discounted the VA's psychological findings, including the PTSD diagnosis, it was also reasonable for the Commissioner to justify the absence of any related functional limitations in the RFC as being a product of the ALJ's determination that those psychological impairments did not merit limitations.

## CONCLUSION

Because the court finds that the ALJ's actions and the Commissioner's defense of those actions were reasonable in law and fact, the court concludes that the Commissioner's position was substantially justified. The plaintiff is not therefore not entitled to attorney fees under EAJA.

Accordingly, it is **ORDERED**

Plaintiff's "Opposed Motion for Attorney Fees Under EAJA" (Doc. No. 30) is **DENIED**.

Dated this 16th day of October, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge